**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

---

Paul WINKA,

      Plaintiff,

v.

LYFT, Inc.,

      Defendant.

Case No.   4:25-cv-01463

Removed from the Circuit Court for St. Louis County, Missouri
No. 25SL-CC09068

---

**Notice of Removal**

---

Defendant Lyft, Inc. ("Lyft") hereby files this Notice of Removal and gives notice that it has removed the action styled *Winka v. Lyft*, Case No. 25SL-CC09068, originally filed in the Circuit Court for St. Louis County, Missouri, to the United States District Court for the Eastern District of Missouri, Eastern Division. Removal is warranted under 28 U.S.C. § 1441(b) because this is a diversity action over which this Court has original jurisdiction under 28 U.S.C. § 1332. Pursuant to 28 U.S.C. § 1446(d), the State Court Action shall proceed no further unless and until this case is remanded.

The grounds for removal are as follows:

**BACKGROUND**

1.     On August 13, 2025, Plaintiff Paul Winka filed his Petition (the "Petition") against Lyft in the Circuit Court of St. Louis County, Missouri.  Plaintiff served Lyft with

1

a copy of the Petition on August 27, 2025. A copy of the Petition, along with all summons, return of summons, process, pleadings, orders, and other documents on file in the Circuit Court St. Louis County are attached hereto as Exhibit A.

2.      In the Petition, Plaintiff seeks recovery against Lyft for injuries allegedly sustained by Plaintiff on May 5, 2024, in connection with transporting a passenger who, in the moments before being picked up by Plaintiff, allegedly murdered two individuals at a nearby location.

3.      The Petition purports to bring counts against Lyft for strict liability, negligent design, negligent failure to warn, negligence, and negligent infliction of emotional distress.

4.      The only parties named in the Petition are Plaintiff and Lyft.

**I.      Lyft Has Satisfied the Procedural Requirements for Removal.**

5.      Lyft was served with the Petition on August 27, 2025. This removal therefore is timely under 28 U.S.C. § 1446(b) because it is filed within 30 days after receipt of the Petition.

6.      The Circuit Court of St. Louis County is located within the Eastern District of Missouri, Eastern Division.  *See* 28 U.S.C. § 1441(a); L.R. 3-2.07.

7.      Plaintiff is a citizen of the State of Missouri.

8.      Defendant Lyft is not a citizen of the State of Missouri.

9.      No previous application has been made for the relief requested herein.

10.      In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Lyft are attached collectively as Exhibit A.

11. In accordance with 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff, and a copy is being filed with the Clerk of the Circuit Court of the City of St. Louis.

12. By filing this Notice of Removal, Lyft does not waive any of its defenses or affirmative defenses, including but not limited to its right to compel arbitration.

**II.  Removal is Proper Because this Court Has Subject Matter Jurisdiction Under 28 U.S.C. §§ 1332 and 1441.**

**A.  There is Complete Diversity of Citizenship.**

13. This Court has jurisdiction over this case under 28 U.S.C. §§ 1332 and 1441 because this is a civil action in which the parties are diverse in citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.

14. Lyft, the lone defendant, is not a citizen of the same state as Plaintiff.

15. Plaintiff is, and at all relevant times has been, a citizen of Missouri. Missouri is the state where Plaintiff has resided at all times relevant to this Notice of Removal, including the date Plaintiff filed his Petition on August 13, 2025, and the date of the instant Notice of Removal. *See* Petition ¶¶ 1, 5. Stated another way, at the time of the filing of Plaintiff's Petition (August 13, 2025), Plaintiff was domiciled in St. Louis County, Missouri and, as such, was a citizen of the State of Missouri. *See* U.S. Const. amend. XIV, § 1; *Reece v. Bank of New York Mellon*, 760 F.3d 771, 778 (8th Cir. 2014). And at the time of the filing of this removal notice, Plaintiff was domiciled in St. Louis County, Missouri and, as such, is a citizen of the State of Missouri.

3

16.     Defendant Lyft is, and at all relevant times has been, a citizen of the State of Delaware and the State of California. Lyft is incorporated in the State of Delaware and has its principal place of business in the State of California, as Plaintiff alleges. *See* Petition ¶ 2. At the time of the filing of Plaintiff's Petition (August 13, 2025), Lyft was incorporated in Delaware and had its principal place of business in California and, as such was a citizen of Delaware and California. *See* U.S. Const. amend. XIV, § 1; *Reece*, 760 F.3d at 778. And at the time of the filing of Lyft's instant removal notice, Lyft is incorporated in Delaware and has its principal place of business in California and, as such was a citizen of Delaware and California.

**B.     The Amount in Controversy Requirement Is Met.**

17.     Plaintiff alleges that as a result of the May 2024, incident he suffered "recurrent flashbacks, heightened anxiety, and exacerbation of Plaintiff's service-connected PTSD." Petition ¶ 72.  Plaintiff further alleges that these "symptoms have disrupted Plaintiff's sleep, impaired his daily functioning, and significantly diminished his overall well-being." *Id.* Other alleged damages include: "severe emotional and mental distress, causing anxiety, depression and further exacerbating his PTSD, as well as intrusive thoughts, hypervigilance, nightmares, sleeplessness, irritability, and withdrawal from social and professional activities"; a "significant resurgence of psychological symptoms related to his service-connected PTSD"; and that the incident has "materially affected his mental health"; along with "lost wages," reputational harm, fear of retaliation"; "disruption to his marriage and home life;" and "loss of consortium."  *Id.* ¶ 86, 87, 88, 89, 90, 97-101, 108-112, 119-123, 131-135. He "anticipates seeking additional

mental health care in the future." *See, e.g., id.* ¶¶ 87-88. Plaintiff also seeks to recover punitive damages.  *See, e.g., id.* ¶ 91 (WHEREFORE clause). On each of the five counts against Lyft, Plaintiff alleges that his damages exceed $25,000, the jurisdictional minimum for Missouri Circuit Court.

18.     The amount in controversy requirement is met because "a finder of fact could legally conclude that the damages exceed" the jurisdictional minimum of $75,000. *See Polites v. Home Depo U.S.A., Inc.*, 2013 WL 2420674, at *2 (E.D. Mo. June 3, 2013) (concluding that amount in controversy requirement was met where Plaintiff alleged compensatory damages were *less* than $75,000 but also sought emotional distress and attorneys' fees); *see also Carville v. Sheraton Corp.*, 2009 WL 1393872, at *3 (E.D. Mo. May 15, 2009) (denying motion to remand where petition alleged "a minimum" of $25,000.00 against each defendant); *Peterson v. The Travelers Indem. Co.*, 867 F.3d 992, 995 (8th Cir. 2017) ("Although she does not allege facts showing that her tort or punitive damages or attorney's fees would exceed $75,000, *it is not legally impossible that she could recover at least that amount*.") (emphasis added). Indeed, the five separate counts against Lyft, which each individually request damages exceeding $25,000, seek aggregated damages exceeding $125,000. *Tebeau v. Gen. Motors Corp.*, 2011 WL 4953999, at *4 (E.D. Mo. Oct. 18, 2011) (aggregating plaintiffs' three tort claims in support of conclusion that jurisdictional minimum was met). And Plaintiff's request for punitive damages also is included in the amount in controversy. *Allison v. Sec. Ben. Life Ins. Co.*, 980 F.2d 1213, 1215 (8th Cir. 1992).

19.     The specific injuries and damages the Petition seeks further confirming that the amount in controversy requirement is met. Plaintiff alleges "severe emotional and mental distress, causing anxiety, depression and further exacerbating his PTSD"; "lost wages," reputational harm, fear of retaliation"; "disruption to his marriage and home life;" and "loss of consortium," among other injuries. Petition ¶¶ 90, 97, & 111.  Juries in Missouri have awarded more than $75,000 in single-plaintiff personal injury actions. *See, e.g.*, *Foster v. Catalina Indus.*, 55 S.W.3d 385, 389 (Mo. App. 2001); *Cole v. Goodyear*, 967 S.W.2d 176, 182 (Mo. App. 1998); *Letz v. Turbomeca*, 975 S.W.2d 155, 163 (Mo. App. 1997). Further, federal courts have ruled that personal injury claims facially meet the $75,000 jurisdictional threshold.  *See, e.g., In re Rezulin*, 133 F. Supp. 2d 272, 296 (S.D.N.Y 2001) (complaint alleging injuries from taking a prescription drug "obviously asserts a claim exceeding $75,000.").  Even in cases alleging personal injuries where no specific dollar amount is pleaded, courts in this District have ruled that the jurisdictional minimum is met. *See Quinn v. Kimble*, 228 F. Supp. 2d 1038, 1039-41 (E.D. Mo. 2002).

20.     On the face of the petition, therefore, the finder of fact legally could conclude that Plaintiff's damages exceed $75,000.  *See Carville*, 2009 WL 1393872, at *3; *Tebeau*, 2011 WL 4953999, at *1; *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002); *Polites*, 2013 WL 2420674, at *2; *Quinn*, 228 F. Supp. 2d at 1040. Based on the foregoing, a court "cannot find, as a matter of law, that [Plaintiff's] damages will not exceed $75,000," and so the jurisdictional minimum is met.  *See Armour v. Schneider*

*Nat'l Carriers, Inc.*, 2016 WL 5470466, at \*2 (E.D. Mo. Sept. 29, 2016); *Peterson*, 867 F.3d at 995. The amount in controversy requirement is met.

## CONCLUSION

For the foregoing reasons, Defendant Lyft respectfully removes this action from the Circuit Court of St. Louis Count, Missouri, to this Court.

Dated: September 26, 2025

Respectfully submitted,

**DOWD BENNETT LLP**

By: /s/ Matthew K. Crane
    Matthew K. Crane #65854MO
    Robyn L. Parkinson #72956MO
    7676 Forsyth Blvd., Suite 1900
    St. Louis, Missouri 63105
    (314) 889-7300 (telephone)
    (314) 863-2111 (facsimile)
    mcrane@dowdbennett.com
    rparkinson@dowdbennett.com

*Attorneys for Lyft, Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 26th day of September 2025, a true and correct copy of the foregoing motion was served via ECMF filing on all attorneys of record.

/s/ Matthew K. Crane

7